UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIEN LE DANG; and THANH HUNG NGUYEN,<br><br>           Plaintiffs,<br>v.<br>FIRST HORIZON HOME LOAN CORP.; NATIONSTAR MORTGAGE, LLC; METLIFE BANK, NA; Does 1 to 1000,<br><br>           Defendants. | Civil No.12cv0343 JAH(NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. # 19] |

## INTRODUCTION

Currently pending before this Court is the motion to dismiss Plaintiffs' first amended complaint filed by defendants First Horizon Loan Corporation ("First Horizon") (a.k.a. "First Tennesee") and Nationstar Mortgage, LLC ("Nationstar") (collectively "defendants"). The motion has been fully briefed by the parties. After a careful review of the parties' submissions, and for the following reasons, this Court **GRANTS** Defendants' motion to dismiss.

## BACKGROUND

### I.  Factual Background

Plaintiffs Hien Le Dang and Thanh Hung Nguyen ("Plaintiffs") allege in their first amended complaint that, in October 2004, they obtained financing to purchase a home in San Diego, California through Defendant First Horizon. Doc. # 16 ¶ 10. Plaintiffs

allege that they understand little English and that both speak with heavy accents. Id. ¶ 11. Plaintiffs allege that they were never "asked for any verification of income, nor [were they asked to] provide any documentation of income during the entire application process." Id. ¶ 13. Plaintiffs further allege that when they asked a question to their loan officer that the loan officer replied, "[d]on't worry, just read and then sign." Id. The loan documents were executed on October 28, 2004. Id. ¶ 14. Sometime thereafter, Plaintiffs defaulted on the loan. Id. On November 13 and 30, 2009, Plaintiffs received notices of default ("NOD") from Quality Loan Service Corporation, as Trustee for First Horizon. Id. ¶ 16. On June 10, 2011, Defendant New Horizon sent Plaintiffs a notice of trustee sale indicating a sale date of July 6, 2011, which stated that the foreclosing party was Metlife Home Loans of Irving, Texas. Id. ¶ 17. Plaintiffs claim no notice of the transfer to Metlife Home Loans was provided them. Id. The trustee sale was postponed to September 8, 2011, and New Horizon provided a notice of transfer of servicing rights to Nationstar effective August 16, 2011. Id. ¶ 27. Plaintiff Nguyen filed for bankruptcy in September 2011. Id. ¶ 27. The bankruptcy court entered an order dismissing the bankruptcy petition on October 27, 2011. Id. The record does not reflect that the trustee sale has been conducted.

**II.    Procedural History**

On December 12, 2011, Plaintiffs filed a complaint in Superior Court against defendants First Horizon; Nationstar Mortgage; and Metlife Bank, N.A. ("Metlife"). *See* Doc. # 1. On February 9, 2012, Defendant Metlife removed the action to this Court citing diversity jurisdiction. *See* id. On February 16, 2012, Metlife filed a motion to dismiss the complaint. *See* Doc. # 5. This motion was unopposed and the claims against Metlife were dismissed without prejudice on April 10, 2012. *See* Doc. # 11. On February 16, 2012, First Horizon and Nationstar filed a motion to dismiss the claims against them. *See* Doc. # 6.

On December 18, 2012, the Court dismissed the claims against First Horizon and Nationstar without prejudice and with leave to amend, finding the claims were untimely

under the "gravamen of the action doctrine." *See* Doc. # 14. The Court also found that the delayed discovery rule, which would toll the statute of limitations, did not apply in this case. *See* id. at 6.

On January 17, 2013, Plaintiffs filed a first amended complaint alleging: (1) breach of covenant of good faith and fair dealing, (2) cancellation of contract, (3) unfair business practices, (4) actual fraud, (5) negligent lending, (6) violation of Finance Lenders Law, and (7) violation of the Rosenthal Fair Debt Collection Practices Act. *See* Doc. # 16. On February 4, 2013, Defendants filed the instant motion to dismiss Plaintiffs' first amended complaint. *See* Doc. # 19-1. Plaintiffs filed an opposition[1] on February 22, 2013 and on March 4, 2013, Defendants filed their reply. *See* Docs # 22, 25. This Court subsequently took the motion under submission without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

Defendant moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

---

[1] Both Plaintiffs and Defendants filed requests for Judicial Notice requesting the Court judicially notice certain facts contained in eight documents. *See* Docs #20, 22-4. Because this Court need not rely upon these documents to make its determination, Plaintiffs' and Defendants' requests for judicial notice are **DENIED AS MOOT**.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See* Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

//
//
//
//

## II. Analysis

Defendants argue that (A) Plaintiffs' claims one through six are untimely; and (B) Plaintiffs' seventh cause of action is inadequately pled.[2]

### A. Untimeliness

Defendants advance the same arguments in their motion to dismiss Plaintiffs' first amended complaint as they advanced in their motion to dismiss Plaintiffs' original complaint. *See* Doc. # 6-1; *compare* Doc. # 19-1. Defendants again argue that Plaintiffs' causes of action one through six which are "related to origination are barred by the statute of limitations" because "allegations of fraudulent inducement at the time of the loan's origination in October 2004 are the gravamen of the complaint." Doc. # 19-1 at 4-5. This Court finds Plaintiffs have again failed to show that they have filed their claim within the applicable statutes of limitations as to claims one through six.

To determine the statute of limitations that applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the "gravamen" of the cause of action. *See* City of Vista v. Robert Thomas Sec., Inc., 84 Cal. App. 4th 882 (2000); In re Asyst Techs. Inc. Derivative Litig., 2009 WL 2169021 (N.D. Cal. May 23, 2009). The nature of the right sued upon, or the principal purpose of the action, rather than the form of the action or the relief demanded, determines the applicable statute of limitations. *See* Davies v. Krasna, 14 Cal.3d 502, 515 (1975). Defendants contend that, where the "allegations of fraudulent inducement at the time of the loan's origination in October 2004 are the gravamen of the complaint," a three year statute of limitations applies. Doc. # 19-1 at 5 (citing Cal. Civ. Proc. Code § 338).

In addition, Defendants argue that "even if the gravamen of the action theory were not applied, the particular statutes of limitations applicable to various claims in the first amended complaint show that each is time-barred as to any origination related conduct by [First Horizon]." Doc. # 19-1 at 5. Defendants acknowledge Plaintiffs invoke the

---

[2] Because this Court dismisses all of Plaintiffs' causes of action on other grounds, this Court does not address Defendants' arguments regarding judicial estoppel or whether Defendants had a duty to inform Plaintiffs of the affordability of the loan.

discovery rule, but argue that in order for the discovery rule to apply, "Plaintiffs must allege 'circumstances beyond their control that prevented them from seeking a translation of the loan documents that they signed and received.'" Id. at 6 (quoting Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011)). Defendants also argue that equitable tolling should not apply because "Plaintiffs allege no such obstacles in preventing them from obtaining the necessary translation." Id. Further, Defendants claim that if Plaintiffs did not understand their loan documents, they could have requested a translation, or declined to sign the note and deed of trust. *See* id. Defendants conclude that Plaintiffs' first amended complaint does not present facts to warrant equitable tolling. *See* id.

In opposition, Plaintiffs assert their claims are not time-barred under the discovery rule which may toll the statute of limitations upon a showing of a defendant's fraudulent conduct resulting in concealment of operative facts underlying the cause of action along with due diligence by the plaintiff until the discovery of those facts. *See* Doc. # 22 at 11 (citing Federal Election Com'n v. Williams, 104 F.3d 237, 240-41 (9th Cir. 1996)). Under this theory, Plaintiffs claim they suffered an injury both at the origination stage and at the loan modification stage alleging Plaintiffs did not receive original loan documents and loan modification documents in their native language, thus preventing them from discovering the violations alleged in their complaint within the statutory time period. *See* id. at 11-12. Plaintiffs argue that when one's "language comprehension 'prevents him from discovering the factual basis for his claim' equitable tolling applies." Id. at 13 (quoting Bojorquez v. Gutierrez et al., 2010 WL 1223144 at *5 (N.D. Cal. July 26, 2010) (citing Galindo v. Financo Fin., Inc., 2008 WL 4452344 (N.D. Cal. Oct. 3, 2008) (finding that equitable tolling was appropriate where plaintiff could not read and had to rely on verbal representations of a loan officer)).

In reply, Defendants argue Plaintiffs ignore cases that contradict their arguments regarding equitable tolling and instead cite to unpublished cases that pre-date Defendants' authority and are factually distinguishable. *See* Doc. # 25 at 3 (citing Cervantes v.

Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011) (finding that the fact native Spanish speakers were not given their loan documents in their native language does not support a claim for equitable tolling); *see also* Nelmida v. Flagstar Bank, FSB, 2012 WL 10150 at *3 (N.D. Cal. Jan. 2, 2012) (citing Cervantes, 656 F.3d at 1045).

This Court's review of Plaintiffs' amended complaint reveals Defendants are correct that Plaintiffs' six causes of action allege fraud. Plaintiffs allege that fraudulent misrepresentations were made before, at the origination, and when Defendants refused to modify Plaintiffs' loan. However, the harm allegedly done to Plaintiffs occurred as soon as the loan was made, and all of the claims above are attributable to the original lending documents. The complaint was filed seven years later, in December 2011, four years past the expiration of the three year statute of limitations for fraud. As such, claims one through six are barred under the gravamen of the action doctrine.

This Court also agrees with Defendants that speakers of foreign languages not provided with loan documents in their native language do not support a claim for equitable tolling. *See* Cervantes, 656 F.3d at 1045 (Plaintiffs did not allege circumstances beyond their control that prevented them from seeking a translation of the loan documents that they signed and received, and therefore, failed to state a basis for equitable tolling.)).

The facts Plaintiffs allege relate to the origination of the loan, and thus the statute of limitations for each claim began to run when the loan was executed. Therefore, absent tolling, the statute of limitations for each individual claim has expired and these claims are dismissed as untimely. This Court finds Plaintiffs have failed to allege facts sufficient to toll the statute of limitations.

Although Defendants seek dismissal of these claims with prejudice, this Court finds Plaintiffs could possibly cure the deficiencies outlined herein by the allegations of other facts. *See* Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). Accordingly, Plaintiffs' causes of action one through six are **DISMISSED WITHOUT PREJUDICE**.

//

//

### B. Failure to State a Claim

Defendants also argue that "Plaintiffs have fatally failed to rebut the proposition that 'foreclosure does not constitute debt collection' in their FAC" under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") as presented in Plaintiffs' seventh cause of action. Doc. # 19-1 at 22 (quoting Altman v. PNC Mortg., 850 F. Supp. 2d 1057, 1071 (E.D. Cal. 2012)). To state a claim for violation of the RFDCPA, a plaintiff must allege that a "debt collector," as defined by statute, was engaged in "debt collection," also defined by statute. Cal. Civ. Code § 1788.1(2)(b) & (c). Defendants contend that "[b]ecause Plaintiffs have failed to refute well-settled case law that foreclosing on a deed of trust is not 'debt collection' for RFDCPA purposes, Plaintiffs failed to state a viable RFDCPA claim." Doc. #19 at 22.

In opposition, Plaintiffs argue that mortgage services can be liable for a violation of the RFDCPA if allegations of harassment are presented. Doc. # 22 at 25 (citing Cal. Civ. Code § 1788). In their amended complaint, Plaintiffs fail to assert allegations of conduct by Defendants that constitute harassment under the RFDCPA. Instead, Plaintiffs allege conduct by Quality Loan Services, acting as an agent and trustee on behalf of Metlife on November 20, 2009, constituted harassment under the RFDCPA. *See* Doc # 16 ¶ 237-38. Plaintiffs fail, however, to implicate Defendants First Horizon or Nationstar, the only remaining Defendants here, in their RFDCPA claim.

This Court finds Plaintiffs have failed to sufficiently plead an RFDCPA claim pursuant to Cal. Civ. Code § 1788.1. As required by the RFDCPA, Plaintiffs allege Defendants are "debt collectors" and that they were engaged in "debt collection," but the alleged debt collection is based solely on the foreclosure of Plaintiffs' property. *See* Doc. # 16 ¶ 237-39. As noted by Defendants, courts in the Ninth Circuit have found that "foreclosure does not constitute debt collection." Doc # 19-1 at 22 (quoting Altman, 850 F. Supp. 2d at 1071; Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1199 (C.D.Cal.2008)). Thus, this Court finds Plaintiffs' complaint fails to sufficiently allege

Defendants are debt collectors or that Defendants engaged in debt collection under the RFDCPA. This Court finds Plaintiffs' complaint could possibly be cured by the allegation of other facts regarding their RFDCPA claim. Therefore, this Court **GRANTS** Defendants' motion to dismiss Plaintiffs' seventh cause of action, and **DISMISSES PLAINTIFFS' RFDCPA CLAIM WITHOUT PREJUDICE**.

## **CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion to dismiss [doc. # 19] is **GRANTED** and Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated: August 22, 2013

JOHN A. HOUSTON
United States District Judge